## REINHOLDT *against* ALBERTI.

*Saturday,* December 31st. The authority of the defendant's attorney is competent to restore an action after non pros. without the consent of his client.

*L EVY*, upon a former day, obtained a rule upon the plaintiff to shew cause why a discontinuance should not be entered in this suit; and now, upon the return of the rule, it appeared that the action was brought to *March* term 1803, and that on the 14th *March* 1804, by order of the defendant's attorney, a *non pros.* was entered for want of a *narr*, agreeably to the rule of 3d *September* 1802. Afterwards, on the 1st *January* 1806, the same attorney by writing agreed that the *non pros.* should be taken off. A declaration was filed on the same day, and the cause thus reinstated upon the docket.

The defendant's affidavit was then produced, stating that he had been present when the *non pros.* was demanded, and that shortly afterwards his attorney told him it was entered, and the suit was at an end; that he had never been consulted as to the revival of it; and that if he had been, he should have refused his consent.

1808.
─────
REIN-
HOLDT
*v.*
ALBERTI.

Upon these facts, *Levy* argued, that the *non pros.* was taken off without any authority. He contended that by the judgment of *non pros.* the warrant of the defendant's attorney was at an end; and that it was not competent to him to renew the suit without a fresh retainer, which he never had. He cited the *Stat. of Westm.* 2. *c.* 10. 2 *Inst.* 377. to shew that the power of the attorney terminates when the plea is determined; and *Gilb. Exec.* 92. and *Runn. on Ejec.* 428., which are clear to the point, that by judgment against the defendant, the warrant of the plaintiff's attorney determines, except so far as to suing out execution within the year.

*Barnes*, who was to have shewn cause, was stopped by the court.

PER CURIAM. We have no doubt. If the attorney has done wrong, he is answerable for it. But undoubtedly by the practice of *Pennsylvania*, the authority of the defendant's attorney is competent to restore an action after *non pros.* The authority of an attorney is not limited here in the same manner that it is in *England.* For a payment to the plaintiff's attorney, long after judgment, and without execution, has been held good upon argument. Let the rule be discharged.

*Rule discharged.*