# Automobile Banking Corporation, Appellant, *v.* Duffy-Mullen Motor Company.

*Judgments—Warrant of attorney—Uncertainty as to amount— Rule to strike off.*

A judgment against an assignor, entered by confession under a warrant of attorney contained in an assignment, endorsed on a note will be stricken off, where no amount is stated in the assignment or warrant.   The prothonotary is only authorized to enter judgment for such amount as is authorized and may appear "on the face" of the instrument.

Where the authority to confess judgment, contained in the assignment, neither mentions nor refers to any amount, and it does not clearly appear from the assignment for what amount judgment

is authorized to be confessed, the prothonotary may not fix the amount.

Argued March 4, 1925. Appeal, No. 34, Feb. T., 1925, by plaintiff, from decree of C. P. Lackawanna County, Oct. T., 1924, No. 856, in the case of Automobile Banking Corporation v. Duffy-Mullen Motor Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Rule to strike off judgment. Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule, Plaintiff appealed.

*Error assigned* was, among others, the decree of the court.

*Robert E. Dolphin,* for appellant.—The judgment was not bad for uncertainty and the amount could be gathered from the assignment: Cobb Bros. v. Yetter, 4 C. C. 293; Cooper v. Shaver, 101 Pa. 547; Union Acceptance Co. v. Grant Motor Sales Co., 5 D. & C. 407; Champlin v. Smith, 164 Pa. 481.

*Frank M. Walsh,* for appellee.—If the amount could not be ascertained from the face of the instrument the prothonotary could not enter judgment: Whitney v. Hopkins, 135 Pa. 246, at page 254; Connay v. Halstead, 73 Pa. 354; Lytle v. Colts, 27 Pa. 194; Eddy v. Smiley, 26 Pa. Superior Ct. 318.

OPINION BY KELLER, J., April 28, 1925:

Joseph Cipilewski gave Duffy-Mullen Motor Co. his promissory note for $360.96, dated May 5, 1924, payable in twelve monthly installments of $30.08 each, beginning one month after date. It contained a warrant of attorney to confess judgment for the above sum, with 15%

attorney's commission, release of errors and without stay of execution; and waived inquisition and condemnation of any real estate. The payee, Duffy-Mullen Motor Co., assigned this note by endorsement in writing to Automobile Banking Corporation. The assignment contained a guarantee by the Duffy-Mullen Motor Co. to pay "the principal and interest of the within note, as and when the same shall become due, and of any extension thereof in whole or in part"; authorized such extension without notice to the assignor, and waived presentment for payment, demand and notice of protest and nonpayment. It further authorized and empowered "any attorney of any court of record of Pennsylvania or elsewhere, to appear for, and to enter judgment against the undersigned......waiving all exemption laws, subject to all of the terms and conditions stipulated in the within note, with like force and effect as the maker or makers thereof."

On July 30, 1924, the plaintiff, Automobile Banking Corporation, presented this note and endorsement to the prothonotary of Lackawanna County, who entered judgment against the Duffy-Mullen Motor Co., the payee and assignor of the note for $360.96, payable in twelve installments, with costs and 15% attorney commissions waiving stay, inquisition and exemption.

On petition of the defendant in the judgment the court of common pleas granted a rule to show cause why the judgment so entered should not be stricken off, and subsequently made the rule absolute. The plaintiff appeals from this order.

We agree with the learned court below that the assignment was not sufficiently definite to support the judgment entered. The Act of February 24, 1806, section 28, 4 Sm. L. 278, under which authority this judgment was entered, makes it the duty of the prothonotary "on the application of any person being the original holder (or assignee of such holder) of a note, bond or other instrument of writing, in which judgment is confessed,

or containing a warrant for an attorney-at-law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed." The "face of the instrument" in this case is the assignment printed on the back of the original note, and the prothonotary is only directed to enter judgment for such amount as is authorized and may appear to be due from the face of this assignment. But the authority to confess judgment contained in the assignment neither mentions nor refers to any amount; and it does not clearly appear from the assignment for what amount judgment was authorized to be confessed. Does it refer to the principal of the note, or the amount then due (Whitney v. Hopkins, 135 Pa. 246) under the immediately preceding guaranty?—which is expressly limited to payment of the installments and interest "as and when the same shall become due"; and when the judgment was entered only two installments of principal were due. It is not clear which is intended; and if not clear, the prothonotary may not fix the amount: Connay v. Halstead, 73 Pa. 354; Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116, 118. The clause "subject to all the terms and conditions stipulated in the within note," on which the plaintiff relied, evidently refers not to the amount of the judgment to be confessed but to the waiver of stay, inquisition and condemnation and similar provisions which the attorney was authorized to include as a part of the judgment if confessed by him: Hageman v. Salisberry, 74 Pa. 285; Weaver v. Brenner, 145 Pa. 299, 307.

The Act of 1806 being in derogation of the common law should be strictly construed: Jameson Piano Co. v. Earnest, 66 Pa. Superior Ct. 586; and if parties fail to make an instrument sufficiently definite to come within the provisions prescribed therein for the entry of such a judgment by the prothonotary, they have only themselves

to blame that they are remitted to the ordinary remedy by action at law.

The order is affirmed at the costs of the appellant.