# Finance and Guaranty Company, Appellant, *v.* Mittleman.

*Judgments—Confession—Amicable action—Warrant of Attorney —Authority—Lease of automobile—Act of February 24, 1806, Sm. L., 278; Sec. 28.*

On a rule to open judgment entered on a warrant of attorney contained in an assignment of the lease of an automobile, it appeared that plaintiff filed a declaration and upon written appearance for defendant, judgment was confessed on his behalf. The declaration set forth the lease and its assignment to the plaintiff, the note accompanying it, the amount due, failure of lessee to make payment and refusal of defendant to make good his guaranty contained in the assignment.

Where defendant's guaranty covered the whole amount due on the lease and his authority to confess judgment had reference to no other sum than that stated in the lease such declaration is sufficient to indicate his liability. Under such circumstances the judgment is improperly stricken off on the ground that the warrant of attorney did not specifically set forth in what amount judgment could be entered against defendant.

It is a well established practice in Pennsylvania for an attorney to appear for both plaintiff and defendant in amicable actions to obtain judgment.

The Act of 1806 relates wholly to judgments entered by the prothonotary on applications filed with him and has no reference to judgments confessed in amicable actions in which plaintiff and defendant appear by counsel.

Argued March 6, 1928. Appeal No. 28, February T., 1928, by plaintiff from judgment and decree of C. P., Lackawanna County, November T., 1926, No. 1139, in the case of Finance & Guaranty Company v. I. Mittleman, trading and doing business as Mittleman Motor Company. Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Rule to strike off judgment entered on warrant of attorney.  Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule.  Plaintiff appealed.

*Error assigned* was the order of the court striking off judgment.

*Charles C. Lark,* for appellant.—The Act of February 24, 1806, 4 Sm. Laws 278, Sec. 28, does not apply to judgments entered by an attorney appearing for defendant: Cook v. Gilbert, 8 S. & R. 567; Mc-Calmont v. Peters, 13 S. & R. 196; Flanigan v. City of Philadelphia, 51 Pa. 491; Cooper v. Shaver, 101 Pa. 547; Hageman et al. v. Salisbury et al., 74 Pa. 280.

*Milton J. Kolansky,* for appellee.

OPINION BY HENDERSON, J., April 16, 1928:

The defendant was engaged in business in the City of Scranton as Mittleman Motor Company.  On July 16, 1925, he leased a Chevrolet car to Nicholas Caputo, by an agreement in writing which provided for a cash payment of $360.80 and a further payment of $541.20 in twelve equal monthly rentals of $45.10 each.  On the day following, the defendant assigned the lease to the plaintiff together with a judgment promissory note of the lessee of like date, for $541.20 representing the amount due as set forth in the lease.  The assignment to the plaintiff contained the following provision:  "The undersigned jointly and severally hereby guarantees full performance of said agreement in all its terms and the prompt payments of any and all sums provided therein, together with other collection expenses, costs and attorney's fee, and agree to pay all the attorney's fees and costs of en-

forcing this agreement. The undersigned hereby agree jointly and severally that upon violation of any of the covenants of said lease or the terms of the note secured thereby, proceedings may be immediately taken against the undersigned for the enforcement of this guarantee without the necessity of first taking proceedings against the lessee to enforce the terms of said lease or note secured thereby. The undersigned jointly and severally authorize, irrevocably any attorney to appear for him or them in any Court of Record in the United States, in term time or vacation, and to waive issue and service of process and to confess judgment against him or them in favor of the holder. . . . . . . The undersigned jointly and severally hereby agrees that in all event in the noncompliance with any of the above conditions of this agreement, whether or not repossession has been made or undertaken, suit may be brought by the holder against any one or more or all of the parties hereto, and without waiving any rights to later repossess." Caputo made default in the payment of the monthly installments provided for in the lease and the defendant, on demand by the plaintiff, refused to make good his guaranty contained in the assignment of the lease; thereupon the latter brought an action in the Court of Common Pleas. The statement set forth the fact and terms of the lease, the assignment of the same by the defendant to the plaintiff, together with the promissory note, the failure of Caputo to make payment on the lease or on the note, the amount due and the refusal of the defendant to make good his guaranty. The lease, and the assignment thereof, together with Caputo's note, were attached to the statement of claim as a part thereof. The action having been thus brought, there was an appearance for the defendant under his warrant of attorney in the assignment of the lease to the plaintiff, and a confession of judgment for the balance due on the

lease as set forth in the statement together with interest and attorney's fee. Thereafter an attorney, representing the defendant, filed exception to the validity of the judgment, and moved the court to strike it off for the reason that "the attorney exceeded the authority conferred by the terms of his agency." A rule granted on this motion was made absolute by the court, and from that order the plaintiff appealed. The particular objection taken to the judgment can only be inferred from the argument of the appellee and the opinion of the court below in each of which it seems to be assumed that the judgment was entered under the provisions of the Act of February 24, 1806, but neither that Act nor the cases cited by the court bear on the proceeding brought up on the appeal. The Act referred to relates wholly to judgments entered by the prothonotary on obligations filed with him. It has no reference to judgments confessed on actions pending or in amicable actions in which the plaintiff and the defendant appear by counsel. The judgment here was entered by confession of an attorney for the defendant acting under a warrant of attorney. There is no denial that this authority was given. It relates to the indebtedness of Caputo set forth in the lease and referred to in the assignment of the lease and note by the defendant to the plaintiff. There is no question raised as to the execution of the lease as to the amount due thereon at the time it was assigned by the defendant to the plaintiff, nor of the fact that the defendant guaranteed the payment of the amount called for by the lease in conformity with the lessee's undertaking. The statement of claim sets forth the amount due and the agreement of the defendant that on the violation of any of the provisions of the lease or the terms of the note, proceedings might be immediately taken against the defendant in favor of the plaintiff. The authority of an attorney to enter an amicable action and confess a judgment therein is an

old and well established practice in this State: Flanigan v. City of Philadelphia, 51 Pa. 491; Hageman et al v. Salisberry et al, 74 Pa. 280; Cooper v. Shaver, 101 Pa. 547. The contention that the warrant of attorney does not specifically set forth in what amount judgment could be entered against the defendant cannot be sustained. The assigned lease and the note, set forth in the statement of claim, sufficiently indicate the liability which the defendant recognized, and with respect to which he authorized the confession of judgment. He cannot be heard therefore to say that the warrant is without legal effect. The amount to be collected varied with the lapse of time and with the anticipated conduct of the lessee, but the defendant's guaranty covered the whole amount due on the lease and his authority to confess judgment had reference to no other sum than that stated in the lease, and for which he received payment from the plaintiff at the time he gave the assignment and guaranty. If the defendant's attorney has confessed judgment for a larger amount than is due, his remedy is to have that mistake corrected by appropriate application to the court, but there is no suggestion in the record or in the argument of counsel that the amount at which the claim was liquidated is not correct. It is a practice of long standing for an attorney to appear both for the plaintiff and the defendant on a demand containing a warrant of attorney of the obligor to confess judgment: Hageman v. Salisberry, supra. We do not find any defect in the proceeding which justifies the striking off the judgment.

The order of the court is therefore reversed and the judgment reinstated.