## Mutual Pannonia Building and Loan Ass'n v. Lichtman.

*H. Moskowitz*, for plaintiff; *George H. Detweiler*, for defendant.

SMITH, J., May 28, 1928.—On March 15, 1926, the defendant, Harry Lichtman, being the owner of a parcel of land, gave his bond accompanying a mortgage to the plaintiff.

On June 22, 1926, Harry Lichtman et ux. conveyed this land to Henry or Harry Lichtman, and deed was properly recorded.

On June 22, 1926, Henry or Harry Lichtman conveyed the same property to Rose Lichtman. Deed was recorded.

On Dec. 30, 1926, the bond of Harry· Lichtman, dated March 15, 1926, was filed of record.

On Jan. 19, 1927, Rose Lichtman and husband conveyed this property to Benjamin Kagan. This deed was properly recorded.

On April 28, 1927, Benjamin Kagan et ux. conveyed the land to Helen V. Wilson, the petitioner and present holder, in fee.

On Dec. 30, 1927, the plaintiff entered judgment on said bond by virtue of the warrant of attorney.

On April 12, 1928, damages were assessed. On April 12, 1928, *fi. fa.* real estate issued.

On May 7, 1928, sheriff's sale. After sheriff's sale, and before confirmation of the deed, the defendant filed exceptions, asking that the sale be set aside and that the sale be declared void because there had been no condemnation or inquisition.

In the warrant of attorney attached to the bond as given by the defendant, Harry Lichtman, there was contained a waiver of condemnation and inquisition.

The principal contention of the petitioner is that, since the defendant was divested of title to the land at the time his bond was filed of record, the waiver of condemnation and inquisition therein contained was not binding upon her.

The contention of the petitioner is not sound. The grantee of real estate is bound by a waiver of condemnation and inquisition contained in a judgment. The obligation of the defendant, Harry Lichtman, was an entirety, and the warrant of attorney to confess judgment was upon the whole instrument.

In Hageman *v.* Salisberry, 74 Pa. 280, it is held:

"The bond contains an express waiver of inquisition and of condemnation of all real estate which may be taken in execution issued on any judgment obtained thereon. This waiver is a part of the condition. It precedes the warrant which authorizes an attorney to confess judgment. All the terms and conditions are part and parcel of one and the same instrument. The obligation is an entirety. The warrant of attorney is an authority to confess judgment upon the whole instrument. That undoubtedly means according to all of its terms, conditions and stipulations. They clearly express, and with equal

force declare, the sum to be paid, the waiver of inquisition and the condemnation of the obligor's real estate. . . .

"The waiver was part of the contract. As such, it was as obligatory upon the maker as his agreement to pay the sum therein stipulated. He was bound to the fulfilment of all its terms. . . .

"When a judgment is recovered according to the terms and conditions of a written obligation for the payment of money, and those terms and conditions expressly either limit the lien of any judgment that may be recovered upon it or which waive the benefit of all laws exempting property from levy and sale on any execution, or which waive the right of inquisition upon the delinquent's real estate, and in the entry of the judgment this is set forth upon the docket, it must be held to be a part of the record of the judgment. Hence, it was ruled in Stanton v. White, 32 Pa. 358, that effect should be given to a stipulation in bond and warrant of attorney restricting the lien of the judgment to be entered thereon to certain designated lands. So, in a pending suit, if judgment is confessed and entered in pursuance thereof, the terms and conditions of the confession enter into and form a part of the record of the judgment, modifying and qualifying its effect."

The petitioner, Helen V. Wilson, purchased this real estate with knowledge and subject to the lien of the judgment containing the waiving of the condemnation and inquisition. She is, therefore, bound by this judgment.

The exceptions to the acknowledgment of the sheriff's deed and to the delivery thereof are dismissed, and the rule granted upon the plaintiff to show cause why the sheriff's sale held on Monday, May 7, 1928, should not be set aside and deed canceled is hereby discharged.