## Wyoming Valley Trust Company v. Tisch et al.

*Bedford, Jones, McGuigan & Waller,* for plaintiff.
*Robert J. Doran,* for defendant.

COUGHLIN, J., July 28, 1932.—In this proceeding defendants seek to set aside judgment entered against them as payees and endorsers of the following note:

" $10.67
6400.00
──────
$6410.67

"Wilkes-Barre, Pa., October 13, 1928.

"Ten days after date I or we promise to pay to the order of Carl H. Tisch, Louis C. Tisch, at Wyoming Valley Trust Company, Wilkes-Barre, Pa., sixty-four hundred dollars, without defalcation or stay of execution for value received; and confess judgment for the above sum, with ten per cent. added for collection fees; hereby waiving the right of inquisition and appeal and the benefits of all laws exempting real or personal property from levy and sale; hereby waiving protest and notice of dishonor.

"Oct. 23.     5596
          Renewal.                    "GEORGE O. MOTTER    (Seal)
                                       EMMA. B. MOTTER     (Seal)"

The note is endorsed as follows:

"For value received, I hereby transfer all my right in the within note to Wyoming Valley Trust Co., Wilkes-Barre, Pa., or bearer, and agree to pay the same at maturity, and do hereby confess judgment for the same with interest and costs, and with the same right to collect from me as the holder thereof would have against the maker or makers thereof, waiving presentment, demand, protest, and notice of non-payment, and all right of inquisition, stay of execution and all exemption laws.

"CARL H. TISCH.
LOUIS C. TISCH."

The petition of Carl Tisch and Louis Tisch, defendants, is unsigned by their attorney or themselves, and the affidavit attached thereto has not been sworn to.

For this reason we might dismiss the petition, being unwilling to proceed on the state of pleadings therein disclosed, but recognizing that same might be amended or new proceedings immediately instituted, we proceed to dispose of the same upon the merits.

It is to be noted that the payees upon the face of the note, wherein the makers have confessed judgment, transferred all their right in the within note to Wyoming Valley Trust Company by endorsement, wherein they agree to pay the note at maturity and confess judgment for the same with interest and costs, and with the same right to collect from them as the holders might have against the maker or makers.

The reason alleged for striking off the judgment is that the warrant of attorney is not sufficient in law to authorize the prothonotary to enter the judgment because no judgment was confessed and because it contained no date and no amount. Defendants allege, as authority for their motion, the law as set forth in Automobile Banking Corp. v. Duffy-Mullen Motor Co., 85 Pa. Superior Ct. 296.

The Act of February 24, 1806, 4 Sm. Laws 270, Sec. 28, under which this judgment was entered, makes it the duty of the prothonotary "on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed." The face of the instrument in this case is claimed to be the assignment printed on the back of the original note, and that the prothonotary is only directed to enter judgment for such amount as is authorized and may appear to be due from the face of this assignment.

In Automobile Banking Corp. v. Duffy-Mullen Motor Co., supra, the court said that it did not appear from the assignment for what amount judgment was authorized to be confessed, and raised the question whether it referred to the principal of the note or the amount then due, citing Whitney v. Hopkins, 135 Pa. 246. The court further said that it was not clear which was intended, and if not clear the prothonotary may not fix the amount, citing Connay v. Halstead, 73 Pa. 354, and Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116, 118. The court said, further, that the clause "subject to all the terms and conditions stipulated in the within note" on which the plaintiff relied, evidently refers not to the amount of the judgment to be confessed but to the waiver of stay, inquisition and condemnation and similar provisions which the attorney was authorized to include as part of the judgment if confessed by him, citing Hageman et al. v. Salisberry et al., 74 Pa. 280, and Weaver v. Brenner, 145 Pa. 299, 307.

We recognize that the Act of 1806, being in derogation of the common law, should be strictly construed: Jameson Piano Co. v. Earnest, 66 Pa. Superior Ct. 586; and if parties fail to make an instrument sufficiently definite to come within the provisions prescribed therein for the entry of such a judgment by the prothonotary, they have only themselves to blame that they are remitted to the ordinary remedy by action at law.

In the note in question, however, we call attention to the fact that George O. Motter and Emma B. Motter gave the note to Carl H. Tisch and Louis C. Tisch, payable at Wyoming Valley Trust Company, Wilkes-Barre, in the sum of $6400, payable ten days thereafter, and that the payees assigned this note, wherein their payers had confessed judgment for the face value thereof, to wit, a definite sum, and themselves, by their assignment in writing, confessed judgment for

the "same," but not designating the "same" in amount. "Same" refers to its antecedent, the "within note." It does appear from the assignment for what amount judgment was authorized to be confessed. It clearly refers to the principal of the note, with interest and costs. If the failure to mention the amount instead of using the word "same" is fatal, when, by reference to the note, a part of the same paper, the amount would be clearly and definitely disclosed, then defendant's motion should prevail.

A judgment entered by virtue of a power of attorney, which requires parol evidence to determine the amount of the judgment, is void and will be stricken off: Cobb Bros. *v.* Yetter, 4 Pa. C. C. 293. Yet in that case it is stated: "I do not mean to say that there may not be a reference to things without itself, as a standard of action, but in such case the reference must be unambiguous and the standard clearly defined." Certainly in the present case the standard was clearly defined in the same paper, to wit, the note, although not the exact figures placed in the endorsement or assignment.

In the present case the contract of assignment or endorsement, containing a confession of judgment, is by the payees of the note. The endorsement, therefore, must be read in connection with the record to which it refers, and the latter being certain as to all the particulars of the judgment, the endorsement containing a confession was rendered certain. This, we think, has authority in Cooper *v.* Shaver, 101 Pa. 547, where the court said:

"The defendant says truly, that the letter of the Act of February 24th 1806, only authorizes the prothonotary to enter judgment where judgment is confessed in the instrument of writing, or where the instrument contains a warrant for an attorney at law or other person to confess judgment. But if the warrant authorizes the prothonotary to enter judgment for the amount named in the instrument, it is within the spirit of the statute, a chief object of which was to enable parties to dispense with service of an attorney. Before the date of the statute it had long been within the power of attorneys to confess judgments and cause them to be entered, as it has been since."

The present case is not similar to Old Forge Dis. & Dep. Bank *v.* Edsell Co., Inc., et al., 26 Luz. L. R. 455. In that case a corporation was the maker executing a note payable to the order of "ourselves." On the reverse side was an assignment to the plaintiff bank, with a guaranty of payment at maturity, and a confession of judgment against the maker or makers, signed by the officials of the corporation. Below these officials, who assigned in behalf of the payee, appeared the name of other individuals. Judgment was attempted to be entered against not only the payee-assignor, who confessed judgment in the endorsement, but also against the subsequent signers as though they were parties to the contract of assignment containing the confession of judgment. The court struck off the judgment as to the subsequent parties, saying the confession contained in the endorsement was insufficient to support a judgment against individuals who were not parties to the primary obligation. It is to be noted in the case at bar that the defendants herein sought to be held were parties to the original instrument as payees.

Authority for the court in the Luzerne County case appears in Southern Lime and Stone Co. *v.* Baker, 281 Pa. 587. The court therein held that "Where a corporation makes and signs a promissory note to the order of themselves, and endorses and signs on the back of it a printed form of assignment, guaranty and authorization of entry of judgment, constituting a single, connected sentence, the note as a whole, is a complete, nonseverable, indivisible contract worded in such manner that no one could properly execute it save the maker-payee, as no one else could assign or negotiate the obligation." The added sig-

natures could have no relation to the assignment of the note, as they had no interest to assign, and if judgment is entered upon the note under confession of judgment in the assignment, it will be stricken off as to such additional individuals.

From the reading of these cases one comes to the conclusion that if one is a party, as in the present case a payee, and signs an assignment with a confession of judgment, judgment under that confession is valid as against the payee-assignor, though it would not be against subsequent endorsers not parties to the note.

Motion to strike off judgment is denied.

From Frank P. Slattery, Wilkes-Barre, Pa.