Allen Building and Loan Association, Appellant,
*v.* Barg.

Argued December 10, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Jacob Weinstein*, with him *Charles Elkman*, for appellant.

*Harry A. Rutenberg*, with him *Henry Arronson*, for appellee.

PER CURIAM, January 31, 1936:

The Prothonotary of the Courts of Common Pleas of Philadelphia County, under authority of section 28 of the Act of February 24, 1806, 4 Sm. L. 278, entered judgment in favor of the appellant against the appellee for $1,400, on a collateral bond, authorizing confession of judgment. The bond, in its recital, set forth that the obligee building and loan association had granted a loan of $1,400 to one Lawson Samuels, secured by bond and mortgage and by the collateral assignment of ten shares of capital stock of the association, on the condition that Gus Barg, the present obligor, should, in addition, deliver to the association a satisfactory bond in the sum of $1,400, as security for the payment of dues, interest, premiums, fines, taxes, water rents, etc. until such times as the said Samuels should have reduced the principal of said mortgage loan to $1,400. The condition of the bond provided that the obligation should be void when the said Samuels had reduced the net amount of indebtedness to said association to the sum of $1,400.

On application of the defendant, Gus Barg, the court struck off the judgment because, as stated by President Judge STERN, in his opinion, "It is obvious on the face of the bond that the obligation upon which judgment has been entered never had any validity or force whatever, because the condition upon which it was to be void happened and existed at the very moment when it was executed. In other words, there never could be any liability under the bond as written, and since by its very terms it is void no judgment could

properly be entered upon it either by the prothonotary or anyone else, because no debt or obligation under it ever did or could exist. It is possible, and, indeed, probable that some mistake was made by the scrivener who wrote the bond, but the obligee has not, either before or after entering the judgment, asked to have the bond reformed so as to express the real intention of the parties, although the Court gave permission to the obligee to do so. We must, therefore, take the instrument as it appears of record, and, thus taken, it clearly will not support a judgment."

The Act of 1806, which authorizes the prothonotary, without the agency of an attorney or declaration filed, to enter judgment on a note, bond, etc. in which judgment is confessed, limits such authority to a confession of judgment "for the amount, which, from the face of the instrument, may appear to be due". It follows that where, as here, both in the recital and in the obligation of the bond, it appears on its face that the signer never incurred any liability on the bond, as it was drawn, and hence nothing was due by him thereon, the prothonotary had no authority to enter the judgment and the court below properly struck it off. This action was in line with the decisions of the Supreme Court in Schwartz v. Sher, 299 Pa. 423, 149 A. 731; and Oberlin v. Parry, 287 Pa. 224, 134 A. 460; and of this court in Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116, and Automobile Banking Corp. v. Duffy-Mullen Motor Co., 85 Pa. Superior Ct. 296.

Cases cited from other jurisdictions which do not have statutory enactments identical with our Act of 1806, supra, are of little weight or authority. We are not now passing on the right of the plaintiff to have the terms of the bond reformed so as to express the alleged real intention of the parties, or to bring an action on the bond pursuant thereto.

Order affirmed.