## Philadelphia Saving Fund Society v. Orloff et ux.

*Albert M. Hoyt, Jr.*, and *Charles J. Biddle*, for plaintiff.

*Maxwell E. Seidman*, for defendants.

KUN, J., December 2, 1939.—Judgment in the above case was entered against defendants by the prothonotary

on order of the attorney for plaintiff on a warrant of attorney to confess judgment contained in a bond accompanying a mortgage executed by defendants to one Emma O'Daniel. Defendants moved to strike off the judgment. This was done and the matter is now before the court on a petition for reargument.

The objection that the judgment was improperly entered in favor of the Philadelphia Saving Fund Society as plaintiff, rather than in favor of Emma O'Daniel to the use of the society, is not well taken. Even before the promulgation by the Supreme Court of Rule 2002 of the new Rules of Civil Procedure, dealing with actions by real parties in interest, effective September 4, 1939, an assignee of a bond and mortgage, when the assignment was recorded, could sue in his own name, under the Act of April 22, 1863, P. L. 567. This would appear to be particularly so in a case such as this, in which the warrant of attorney authorized the confession of the judgment "at the suit of the said obligee, her executors, administrators, or assigns". In the comment following the statement of the new rule providing that all actions shall be prosecuted by and in the name of the real party in interest, it is stated that the rule requires assignees to bring suit in their own names, and that the rule abandons the prior practice under which a "to use" action had to be maintained, in which the assignor appeared as the legal but purely nominal party plaintiff. It was proper, therefore, to enter the judgment directly in favor of the plaintiff assignee.

This brings us to the next objection. The warrant of attorney to confess judgment is addressed to any attorney and authorizes any such attorney "to appear for us" [defendants] in an appropriate action, and in any court and "confess judgment thereon against us", etc., "for the sum of $7,500." Defendants claim that, inasmuch as no attorney appeared for them in the case and confessed judgment for them, the judgment is invalid and

was properly stricken off. It is well settled that when one undertakes to enter a judgment on a warrant of attorney, the authority given thereunder must be strictly followed or the judgment cannot be sustained.

Plaintiff claims, however, that the judgment was properly entered by the prothonotary by virtue of section 28 of the Act of February 24, 1806, 4 Sm. L. 270, without any entry of an appearance for defendants or confession of judgment on their behalf. That act does give the prothonotary such authority to enter judgments in those circumstances "for the amount, which, from the face of the instrument, may appear to be due" and, being in derogation of the common law, must be strictly construed and so limited. The obvious purpose of the statute was to avoid the necessity of having an attorney appear and confess a judgment for the obligor in cases where the amount due clearly appeared on the face of the instrument presented, in which cases the prothonotary would perform no more than a ministerial duty. As stated in Deibert, to use, v. Rhodes, 291 Pa. 550, 555, the Act of 1806, supra, applies "where there is certainty as to the amount" of the obligation presented to the prothonotary for filing and entering judgment thereon. In such cases as the act provides it is not necessary for an attorney to appear for the obligor and confess judgment, although required by the terms of the authorization to confess the judgment: Commonwealth v. J. & A. Moeschlin, Inc., et al., 314 Pa. 34, 41. In Harwood, to use, v. Bruhn et ux., 313 Pa. 337, 339, it was held in a similar case that a judgment could be so entered even without an averment of default.

The case was previously disposed of by striking off the judgment, because it was supposed that the judgment was entered for the sum of $2,213.37, which amount clearly did not "from the face of the instrument appear to be due". Apparently the only amount mentioned before the motion judge as being the judgment in contro-

versy was that amount, to wit, $2,213.37. If that were so, the judgment could not stand. At the reargument this amount was again the only one mentioned. However, we have examined the original records and the docket entries, and these disclose that, while an assessment of damages was filed on October 11, 1939, for the amount of $2,213.37, the bond was, in fact, entered on an order of court made the day before, October 10, 1939 (the order being required because the bond was more than 10 years old), for the face amount of it, $7,500, and judgment entered thereon on the following day, October 11, 1939. These are the docket entries:

"Oct. 10, 1939, afft in support of judgt on B & W over 10 yrs. old—Oct 10, Ct. grants leave to enter judgt on B & W of atty dated Feb 9, 1924 for $7500 con for pay. of $3750 within 3 yrs. int. costs etc 5% coll. Oct 11, 1939 judgt."

Counsel failed to bring this point clearly to the attention of the court. It is quite clear that had nothing more been done than the filing of the bond and the entering of the judgment thereon by the prothonotary for the face amount thereof, there would be no basis for striking off said judgment, because the prothonotary was expressly authorized to enter such a judgment by the Act of 1806.

The error of defendants lies in the assumption that the judgment was entered, in the first instance, for $2,213.37. That is not the case. The fact is that the judgment was entered, as stated, for the face amount of the bond, $7,500, being the penal sum mentioned in it conditioned for the payment of $3,750 and other obligations assumed therein. That being done, plaintiff filed an assessment of damages giving certain credits, claiming other items of taxes, etc., which, with the addition of the attorney's collection fee allowed by the terms of the bond, made the total of $2,213.37, for which it issued execution. That is not the judgment, however, but the amount claimed under it.

The cases cited by defendants are not apposite. In all of them in which the judgments were stricken off it was done because the amounts for which the judgments were entered did not appear on the face of the instruments to be due, as reference to the cases will readily disclose: Schwartz v. Sher, 299 Pa. 423; Allen B. & L. Assn. v. Barg, 120 Pa. Superior Ct. 487; Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116; Lansdowne Bank & Trust Co. et al. v. Robinson et al., 303 Pa. 58. Cases involving confessions of judgments in ejectment have no bearing on the question before us. The Act of 1806 does not give authority to the prothonotary to enter judgments in ejectment in any circumstances. The Act of 1806, supra, sec. 28, is limited to authorizing the prothonotary to enter money judgments "for the amount, which, from the face of the instrument, may appear to be due", and in such cases the prothonotary may enter such a judgment without the intervention of an appearance for the obligor and a confession on his behalf, although the warrant provides for such an appearance. We are well satisfied that the entry of the judgment by the prothonotary on the bond in this case for the face amount thereof, $7,500, was fully authorized by the Act of February 24, 1806, 4 Sm. L. 270, and under the circumstances, an appearance by an attorney for defendants, and a confession of the judgment by him for them, was unnecessary.

It appears, therefore, that the judgment should not have been stricken off, although defendants still have the right to question the validity of the assessment of damages or raise any other defenses they may have. These matters, however, cannot be considered on a rule to strike off the judgment.

The order heretofore entered on November 21, 1939, making absolute the rule to strike off the judgment, is vacated, the rule is reinstated, and now December 2, 1939, the rule to strike off the judgment is discharged.