## INGERSOLL ET AL. V. DYOTT.

### May 10, 1836.

*Rule to show cause why a judgment should not be struck from the record.*

Under the act of the 24th of February 1806, the entry of a judgment on a bond and warrant of attorney by the prothonotary on the application of the obligor, without authority express or implied from the holder, is irregular, and will on motion be struck off.

THIS was a judgment entered on a bond executed by Thomas W. Dyott, in which Joseph R. Ingersoll, Henry D. Gilpin, John Goodman and Samuel Chew were the obligees, dated the 2d day of February 1836, for the sum of 500,000 dollars : conditioned for the payment and discharge of all and every the promissory notes of the said Thomas W. Dyott, made payable at his banking house, in the city of Philadelphia, according to the tenor and effect thereof ; and also for the paying over all and every sum of money thereafter deposited with him at his said banking house, with interest thereon according to the tenor and effect of the agreements, terms and conditions entered into with the respective depositors thereof, and complying with all the contracts and agreements of the said Dyott touching and concerning the same. A warrant of attorney accompanied the bond, and on February 2d, 1836, judgment thereon was entered by the prothonotary.

On the 30th of April 1836, on the filing of the *affidavits* of Joseph R. Ingersoll, Henry D. Gilpin, Samuel Chew and John Goodman, the court granted a rule on the defendant to show cause why the above judgment should not be struck from the record, *as having been entered irregularly and without authority from or notice to the plaintiffs.* On a subsequent day, the written agreement of the defendant " that the judgment be vacated," was filed.

*Dallas,* for the rule.
*Phillips, contra.*

PER CURIAM.—The 28th section of the act of assembly, passed on the 24th day of February 1806, entitled " an act to alter the judiciary system of this commonwealth," provides, that, " it shall be the

duty of the prothonotary of any court of record within this commonwealth, *on the application of any person being the original holder (or assignee of such holder)* of a note, bond or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law or other person to confess judgment, to enter judgment against the person or persons who executed the same, for the amount which from the face of the instrument may appear to be due, without the agency of an attorney, or declaration filed, with such stay of execution as may be therein mentioned for the fee of one dollar, to be paid by the defendant ; particularly entering on his docket the date and tenor of the instrument of writing on which the judgment may be founded ; which shall have the same force and effect as if a declaration had been filed and judgment confessed by an attorney, or judgment obtained in open court, and in term time ; and the defendant shall not be compelled to pay any costs or fee to the plaintiff's attorney, when judgment is entered on any instrument of writing as aforesaid."

It distinctly appears that the entry here of what purported to be a judgment, was made by the prothonotary on the application of the individual who executed the warrant of attorney, and not on the application of any party who, in the sense of the law, was the holder of the instrument. There was then no judgment in conformity with or founded upon the act of assembly. It also distinctly appears that the persons stated to be the plaintiffs, never authorized the use which has been made of their names. They are not to be personally benefited, and they now expressly request that their names may be taken from the record. Any presumption of consent on their part is thus conclusively rebutted ; and if any subsequent act could have sanctioned and confirmed the entry which was irregularly made of the judgment, yet such act is wanting. Here too the defendant has given his written agreement that the judgment be vacated. In consequence of a remark of the defendant's counsel, it may be proper to observe that the authority of the court to strike out the judgment cannot be questioned. In Kellogg *v.* Krauser, 14 *Serg. & Rawle* 143, Chief Justice Tilghman asserts the power of the court, under certain circumstances, to order a judgment to be erased from their record ; and says that it is not now a matter of doubt whether the court can entertain a motion to strike out or open a judgment entered on a warrant of attorney. The duty of the court is equally obvious. The judgment was irregularly entered, and

nothing has occurred since, which could possibly give it force and validity. The court are bound to set it aside. As to the individuals for whose security the judgment was alleged to have been intended, it is to be hoped that no real inconvenience will be suffered by any one. The best thing which it is in the power of the court to do, for all parties, is to make a prompt and decided disposition of the present application.

Rule absolute.