## Oberlin, to use, *v.* Parry, Appellant.

*Judgment—Entry on warrant of attorney—Negotiable note— "Payee or holder"—"Assignee" — Striking off judgment — Act of February 24, 1806, 4 Sm. L. 270—Statutes—Strict construction.*

1. The Act of February 24, 1806, 4 Sm. L. 270, authorizing the prothonotary to enter judgment on a note, being in derogation of the common law right to be legally summoned or to voluntarily appear in some form, should be strictly construed.

2. A judgment cannot be entered unless the instrument contains sufficient definite averments to bring it within the provisions of the statute.

3. The mode of procedure prescribed by the act is mandatory, and failure to follow its terms will cause the judgment to be entirely void.

4. Under section 23 of the Act of February 24, 1806, 4 Sm. L. 270, the prothonotary has power to enter a judgment in favor of an "assignee" of the original holder of a negotiable promissory note containing a warrant to confess judgment in favor of the "payee or holder."

5. The term "holder" under the Negotiable Instruments Act is much broader than the term assignee, but, where the holder is the endorsee or bearer, and delivery is made to him by the original payee, it is as the latter's assignee that he takes.

6. Where a negotiable note, containing a warrant to confess judgment in favor of the payee or holder, is endorsed as assigned to a person named, and also endorsed as waiving notice, etc., and beneath the second endorsement are signed the names of the payee and another person not otherwise appearing in the note, the two endorsements, in the absence of anything to the contrary, will be considered jointly, and as a joint assignment.

7. The fact that a second person joined with the payee in endorsing the note, does not destroy the validity of the assignment by the payee, the original holder.

*Judgment—Entry of judgment—Foreign note—Warrant to confess—Conflict of laws.*

8. A negotiable note executed in another state with power to confess judgment in "any court of record," without territorial limitation, may be entered up under the Act of 1806, in any court in Pennsylvania by the prothonotary thereof.

9. When such instrument is presented to the prothonotary in Pennsylvania, it must be assumed, in the absence of evidence to the contrary, that it came from a state which authorized entry of judgment there in the same manner that the prothonotary was called upon to enter it in Pennsylvania.

Argued April 21, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

Appeal, No. 192, Jan. T., 1926, by defendant, from order of C. P. No. 4, Phila. Co., June T., 1925, No. 17,957, discharging rule to strike off judgment, in case of Seiler D. Oberlin, to use of L. E. Faulk, v. Chas. K. Parry. Affirmed.

Rule to strike off judgment.   Before FINLETTER, P. J., and McCULLEN, J.

The material portions of the note on which judgment was entered, are as follows:

"Johnson City, Tenn., July 19, 1919.

"August 31, 1920, after date I jointly and severally promise to pay to the order of Seiler D. Oberlin Twenty-three Hundred and Twenty Dollars at the Unaka National Bank, Johnson City, Tenn., for value received.

\*      \*      \*      \*      \*      \*      \*      ·\*      \*

"Further all makers, sureties, endorsers and guarantors hereby authorize and empower A. B. Crouch, President, or L. M. Shumate, Cashier of said bank, to confess judgment in favor of the payee or holder hereof, after maturity and default for the amount due hereunder before any justice of the peace or in any court of record (having jurisdiction of the amount) at any term of such court.   With interest at six per cent from date of note.

"Chas. K. Parry."

The endorsements on the note were as follows:

"This note is assigned to L. E. Faulk.

"We, as endorsers, waive demand, notice and protest, and guarantee payment of this note, and acknowledge that we sign with full knowledge of this contract.

"Seiler D. Oberlin,
"Chas. A. Oberlin."

Attested by two witnesses.

Other facts appear by the opinion of the Supreme Court.

Rule discharged.   Defendant appealed.

*Error assigned* was order, quoting record.

*Francis H. Bohlen,* with him *Saul, Ewing, Remick & Saul,* for appellant.—The power to confess judgment in the note must be strictly construed: Jameson Piano Co. v. Earnest, 66 Pa. Superior Ct. 586; Eddy v. Smiley,

26 Pa. Superior Ct. 318; Meyers & Jolly v. Freiling, 81 Pa. Superior Ct. 116; Kolf v. Lieberman, 282 Pa. 479.

The Act of 1806 must also be strictly construed: Harris v. Mercur, 202 Pa. 313; Automobile Banking Corp. v. Motor Co., 85 Pa. Superior Ct. 296.

Where the maker of a note gives a power to confess judgment in favor of the payee or holder the prothonotary has no power to enter judgment in favor of an assignee.

The endorsement on the note does not show that L. E. Faulk was the assignee of the original holder: Southern L. & S. Co. v. Baker, 281 Pa. 587.

Where a note is executed and made payable in Tennessee and provides for the confession of judgment by one of two officers of a Tennessee bank and fails to mention the entry of judgment in Pennsylvania, the Act of 1806 cannot be read into the terms of the note so as to give the prothonotary the power to enter judgment without confession: Krantz v. Kazenstein, 22 Pa. Superior Ct. 275; Jameson Piano Co. v. Earnest, 66 Pa. Superior Ct. 586; Grover & Baker M. Co. v. Radcliffe, 137 U. S. 287.

There is no presumption that the State of Tennessee has a law authorizing the entry of judgment without confession upon such a note: Wagenbauer v. Schwinn, 285 Pa. 128.

*J. Montgomery Forster,* of *Peck, White & Forster,* for appellee.—The Court of Common Pleas of Philadelphia County has jurisdiction: Musser v. Stauffer, 178 Pa. 99; Cape May Realty Co. v. Henderson, 231 Pa. 82; Baughman's Est., 281 Pa. 23.

The presence of the name "Chas. O. Oberlin" on the note has no bearing upon the validity of the judgment.

Any distinction between the technical meaning of the words "holder" and "assignee" does not here avail the appellant: Rex v. Nelson, 15 Phila. 323; Union Acceptance Co. v. Sales Co., 5 Pa. D. & C. 407.

The judgment was properly entered: Curry v. Quality Shops, Inc., 271 Pa. 364; Dalton v. Willingmyre, 60 Pa. Superior Ct. 225.

OPINION BY MR. JUSTICE KEPHART, June 26, 1926:

It is settled in many cases that the Act of 1806, authorizing the prothonotary to enter judgment on a note, being in derogation of the common law right to be legally summoned or to voluntarily appear in some form, should be strictly construed: Com. v. Conard, 1 Rawle 249; Hope v. Everhart, 70 Pa. 231; Whitney v. Hopkins, 135 Pa. 246; Connay v. Halstead, 73 Pa. 354; Jameson Piano Co. v. Earnest, 66 Pa. Superior Ct. 586, 588; Eddy v. Smiley, 26 Pa. Superior Ct. 318; Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116, 119. The instrument must contain sufficient definite averments to bring it within the provisions of the statute before the act may be called into service; if they do not exist expressly or by clearest implication, no judgment can be entered on it. There must not only be careful compliance in every substantial particular with the instrument authorizing the judgment (21 R. C. L. 879, 883), but the Act of 1806 also prescribes how jurisdiction may be obtained by the common pleas court, through the prothonotary, over the proceedings to enter judgment on this class of notes. The mode of procedure there designated is made mandatory, and failure to follow its terms will cause the judgment to be entirely void: Eddy v. Smiley, supra.

The judgment in dispute was not confessed by warrant of attorney, but entered by the prothonotary under section 28 of the Act of February 24, 1806, 4 Smith's Laws 270, which provides that "it shall be the duty of the prothonotary of any court of record......on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument in writing, in which judgment is confessed......to enter judgment against the person or persons who executed the same."

Appellant draws a sharp distinction between a holder of a note and an assignee. He contends that the Act of 1806 authorized the prothonotary to enter judgment in favor of the original holder or his assignee, the act contemplating a nonnegotiable instrument, while the note in question was negotiable and authorized a confession of judgment at maturity by the holder or payee. Inasmuch as the Act of 1806 applied only to the original holder or the assignee of a nonnegotiable instrument, the note in question being a negotiable one authorizing judgment at maturity in favor of the payee or any holder thereof, did not come within its terms. Faulk being the assignee of a negotiable instrument, it is claimed the prothonotary was without power to enter a judgment.

Appellant overlooks two very important considerations. It is true that the note in question was negotiable and was properly assigned before maturity as a negotiable instrument. This ownership, as it relates to the question before us, may be as assignee by assignment from the original holder, to comply with the Act of 1806, or as holder to comply with the authority in the note.

A transfer or assignment such as that before us brings the note squarely under the terms of the Act of 1806. This act does not specify nonnegotiable instruments but authorizes the prothonotary to enter a judgment in favor of the original holder or his assignee, where the note confesses a judgment or contains a warrant of attorney for such confession. The holder of a note is "the payee or indorsee......who is in possession of it, or the bearer thereof": Act of 1901, P. L. 220. The term "holder" under the negotiable instruments act is much broader than the term assignee, but where the holder is the endorsee or bearer it is clear that he must also be an assignee and where as here delivery is made to him by the original payee it is as the latter's assignee that he takes. Since the term holder may include an assignee,

the fact that Faulk was referred to as "holder" in the power of attorney is immaterial.

Complaint is further made that the endorsement does not show an assignment from the original holder. The proceeding here is a motion to strike off. We have no evidence before us and we must take the record as presented. The court below held, and in this we concur, that there was an assignment by S. D. Oberlin to L. E. Faulk. The so-called special endorsements should not be considered separately but jointly as they were intended to be. In the absence of evidence to the contrary an endorsement such as appears on this note by the record will be presumed to be a joint assignment.

The note was assigned, as appears by the endorsement on the back, and, though another person in addition to the payee may have executed the assignment, that does not destroy the validity of the assignment by the payee, the original holder, which is all that is necessary to satisfy the act. Such signature, carrying with it a liability by contract (Kline v. Keiser, 87 Pa. 485; Southern Lime & Stone Co. v. Baker, 281 Pa. 587), in no way conflicts with this view. The judgment was properly entered as evidenced by Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364.

The jurisdiction of the common pleas court is attacked because the note was executed and made payable in Tennessee, the warrant of attorney authorizing confession of judgment by one of two officers of a Tennessee bank, and does not mention the entry of judgment in Pennsylvania. Appellant seems to have lost sight of the fact that the note provides for the entry of judgment by "any court of record (having jurisdiction of the amount) at any term of such court." As the court below properly observed, there was no territorial limitation on the jurisdiction within which this might be done. Our Act of 1806 applied to the note, and authorized the entry of judgment by the prothonotary. While, under the "full faith and credit clause" of the Constitution, as held in

Grover & Baker Sewing Machine Co. v. Radcliffe, 137 U. S. 287, a judgment so entered in one state might not be binding or of any force in another state which did not recognize such procedure because the defendant was not served with a process and did not voluntarily appear, or because the judgment was not confessed by the warrant of attorney, still the same opinion recognizes the validity of the judgment in the state whose procedure authorized it, though it might be contrary to the laws and policy of another state where it is sought to be enforced.

Moreover, the presumption, without evidence to the contrary, is that the law of the state where the note was made, is the same as that in Pennsylvania (Musser v. Stauffer, 178 Pa. 99; Cape May Real Estate Co. v. Henderson, 231 Pa. 82). Nor is the presumption avoided because the law of Pennsylvania happens to be a statute: Baughman's Est., 281 Pa. 23, 37-38. While, in sustaining the action of the Maryland court in Grover v. Radcliffe, supra, the opinion held that the maker of every note does not undertake to write into his engagement all the local laws of every state, even though a confession of judgment is authorized, we need not decide whether the Act of 1806 shall be read into the note. When the instrument was presented to the prothonotary, it must be assumed, in the absence of evidence, that it came from a state which authorized entry of judgment there in the same manner that the prothonotary was called on to enter it here under our laws.

We hold that the judgment was properly entered, and the order of the court below discharging the rule is affirmed at cost of appellant.