## Schwartz, Appellant, v. Sher.

424

Argued January 27, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*W. S. Diehl,* for appellant.—It was practicable for the prothonotary to determine on inspection of the lease and the endorsements thereon the amount of the judgment to be entered on the confession therein contained, and he did so ascertain by computation of said amount: Whitney v. Hopkins, 135 Pa. 246; Dalton v. Willingmyre, 60 Pa. Superior Ct. 225; Wurlitzer Co. v. Pearson, 62 Pa. Superior Ct. 425.

The confession of judgment in the lease was not only given as security for the rent, but also to enable collection of the rent by execution at any time same became due by default or otherwise.

*Henry Nogi,* of *Landau & Nogi,* for appellee.—The amount due not being ascertainable from the face of the

instrument, the prothonotary could not enter judgment on it, for the Act of 1806 gives him no power to inquire beyond: Connay v. Hallstead, 73 Pa. 354; Whitney v. Hopkins, 135 Pa. 246; Meyers v. Freiling, 81 Pa. Superior Ct. 116.

The right of a prothonotary to enter judgment on a note is statutory and must be strictly construed: Overline v. Parry, 287 Pa. 224.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, March 17, 1930:

The court below struck off a judgment entered by confession and plaintiff has appealed.

Plaintiff leased to defendant a certain piece of real estate in the City of Scranton. The lease, after describing the demised premises, states that there is included therein an "addition which at the signing of this agreement is under construction, and the completion of which addition is to be made as soon as possible." The term is stated thus: "For the term to be as specified ......at the rent as specified on other side of this agreement." An endorsement appears on the lease, as follows: "The term of this agreement extends from June 1st, 1927, until May 1, 1932, a period of Fifty-nine months. The rental to be at the signing of this agreement, and continuing only until the completion of addition now under construction, $100.00......per month. At the completion of, and commencing with the occupancy of addition by lessee, rental to be $150.00...... per month, which is to continue until May 1, 1928. From May 1, 1928, and continuing until May 1, 1932, the expiration date of this lease, rental is to be $160.00...... per month. All payments to be made monthly on the first of each month at the rate applicable as per this agreement."

The following endorsement also appears: "Lease between Emanuel Schwartz and L. Sher. From June 1,

1927 to May 1, 1932. Rental, $ As above per annum. Payable monthly in advance.

"April .......................... $......

May ............................. ......

June, June 2, 1927 ................ 100.00

July, July 5, 1927 ................ 100.00

August, Aug. 2, 1927 .............. 150.00

September, Sept. 7, 1927 ........... 150.00

October, Oct. 10, 1927 ............. 150.00

November, Nov. 7, 1927 ............ 150.00

December, Dec. 5, 1927 ............ 150.00

January, Jan. 12, 1928 ............. 150.00

February, Feb. 16, 1928 ............ 50.00

Feb. 29, 1928 ............ 50.00

Mar. 1, 1928 ............. 50.00

March .......................... ......"

The application for entry of judgment is addressed to the prothonotary of the court below and states that plaintiff, "pursuant to the provisions of the Act of Assembly of the Commonwealth of Pennsylvania of February 24, 1806," 4 Smith's Laws 270, moves for judgment in his favor and against defendant "on the annexed lease" in accordance with a provision thereof reading: "And the said Lessee hereby confesses judgment in an action of debt for the full amount of the rent, for the whole term, which judgment shall stand as security, and execution may be issued thereon for any rent accruing during the term, or on any extension or renewal thereof, and agrees that execution may issue for the amount that may at any time be due." Then the paper requests the prothonotary to assess damages "in accordance with the terms of said lease."

The entry of judgment and assessment of damages by the prothonotary states that it is for "the sum of $9,230, that being the amount of rent for the whole term of said lease, to wit: from June 1, 1927, until May 1, 1932,......which I have ascertained from the face

of said lease and the endorsements on said lease,......
which said sum is made up as follows:  ......

"Rental in accordance with said lease, $100
    per month for 2 months, June and July,
    1927 ..............................  $200.00
Rent from August 1, 1927, to May 1, 1928,
    9 months at $150 per month ............  1350.00
Rent from May 1, 1928, to May 1, 1932,
    48 months at $160 per month ...........  7680.00

                                   $9230.00."

Plaintiff also filed an averment of default, sworn to by him, wherein he avers, inter alia, the term of the lease as already recited, "that said lessor made said addition and the same was entered into and occupied by the lessee in July, 1927"; but he does not aver definitely that the addition was "completed," as required by the lease, at the named date. He also avers that defendant had made default, in that he did not pay the rent due on the first day of March, 1928, or for ten days thereafter, as required by the lease, and that, because of this default, "the rent for the whole term became due and payable and collectible"; further, that defendant moved from the premises and took certain permanent fixtures therefrom, contrary to the terms of the lease. Finally, at the end of his averment of default, plaintiff gives credit for the $1,250 rent paid, as itemized in the endorsement on the lease (above recited), adding thereto an item of $368, "Proceeds from Landlord's Warrant," making in all $1,618, which he deducts from the above sum of $9,230, showing a balance of $7,612 due to him.

In striking off the judgment, the court below correctly stated that "the amount of rent due for the whole term was indefinite at the time the parties signed the lease"; that the prothonotary might infer from the amount of the payments shown in the endorsement on

the lease,—corresponding, as they do, for several months, with the exact amount of monthly rental which, under the terms of the lease, would be due after the completion of the addition therein referred to,—that the advanced rent was due, and payments had accordingly commenced, at the first date when increased payments were made; but these facts did not appear from the instrument itself and were not inevitable inferences from anything appearing thereon, since the amounts shown might have been payments in advance. Then the court correctly added: "The amount due not being ascertainable from the face of the instrument, the prothonotary could not enter judgment upon it;......the Act of 1806 gives him no power to inquire beyond" the information furnished by the instrument itself. These statements accord with the precise terms of section 28 of the Act of 1806 (4 Smith's Laws, 270, 278) which reads as follows: "It shall be the duty of the prothonotary ......, on the application of any......holder......of a note......or other instrument......, in which judgment is confessed,......to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument, may appear to be due."

It is important to remember, as stated in Connay v. Halstead, 73 Pa. 354, 357, that the Act of 1806 "does not confer upon the prothonotary all the powers of an attorney-at-law to confess a judgment, but only authorizes him......to enter a judgment......for the amount which from the face of the instrument may appear to be due [or] where the sum due can be ascertained by calculation from [information furnished by] the face of the writing. [The prothonotary's power under the act] is not like the general authority of an attorney-at-law, who may appear and confess judgment and arrange the details of the judgment." Again, in Whitney v. Hopkins, 135 Pa. 246, 254, we said that, "If the amount due cannot be ascertained from the face of the instrument,

the prothonotary cannot enter judgment upon it, for the Act of 1806 gives him no power to inquire beyond." Then, in Oberlin v. Parry, 287 Pa. 224, 228, considering this particular phase of the Act of 1806, we said that the authority there given to the prothonotary must "be strictly construed," citing earlier authorities, and we added that the instrument upon which the prothonotary acts in entering the judgment by virtue of the authority vested in him under this statute, must contain sufficient "definite" information to bring it "within the provision of the statute," and that, if such information does not "exist expressly or by clearest implication," no judgment can be entered. By the expression, "clearest implication," we mean an implication so clear that only one meaning can be taken from it. In the controversy now before us, the instrument relied on by plaintiff, from which the prothonotary was to gather information to calculate the amount of the judgment, fails to furnish the definite data required by the Act of 1806; for, as suggested in the above noted opinion of the court below, it is possible to make at least two inferences from the indefinite information furnished by the endorsement on this lease (counting that endorsement as information "on the face of the instrument," within the meaning of the statute, as we shall do for the purposes of this case, though not deciding as a matter of law that it should be so considered). One possible inference is that the first payment of $150, on August 2, 1927, established the rent at that rate as of August 1, 1927, while another is that the payment in question represents, in part, rent in advance. The rent at $150 per month was, according to the lease, not to commence until the addition to the demised premises was completed, and, as before shown, the instrument on which the prothonotary acted in entering judgment contains no information on its face as to when this completion took place; therefore it furnished no definite information of a date from which to

calculate the increased rent, and thus to arrive at the total amount of the judgment.

Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116, 119, 120, where, on appeal, the court below was ordered to strike off a judgment, contains language quite appropriate to the present case. There Judge HENDERSON said: "No one could tell by an inspection......of the instrument [giving rise to the judgment]......what the rights of the plaintiffs and defendant were......on the day when the judgment was entered;......they could only be ascertained by an inquiry [aliunde the instrument itself]. This difficulty was recognized and an attempt was made to supply the lack of facts contained in the instrument by the filing of an affidavit made by one of the plaintiffs...... It was from this affidavit and not 'from the face of the instrument' the prothonotary ascertained the amount for which he entered judgment. ...... The judgment is therefore reversed......with direction......to the court below to strike [it] off." See also Orner v. Hurwitch, 97 Pa. Superior Ct. 263, 266-7.

The order appealed from is affirmed.