Lansdowne Bank & Trust Co. et al., Appellants,
v. Robinson et al.

Argued January 13, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*C. Wilfred Conard,* with him *Lewis Lawrence Smith,* for appellants.—Defendants' rule to strike off the judg-

ments should have been discharged: Com. v. Conard, 1 Rawle 249; Pacific Lumber Co. v. Rodd, 287 Pa. 454; Dunlap v. Spiese, 250 Pa. 394; Spiese v. Shee, 250 Pa. 399; Com. v. McLaughlin, 293 Pa. 313; Whitney v. Hopkins, 135 Pa. 246; Richards v. Richards, 135 Pa. 239; Latrobe B. & L. Assn. v. Fritz, 152 Pa. 224; Dalton v. Willingmyre, 60 Pa. Superior Ct. 225; Mahoney v. Collman, 293 Pa. 478.

*William R. Toal,* with him *Henry Gouley,* for appellees.—The warrant of attorney does not confess judgment for a sum certain nor does it give the prothonotary authority to enter the bond for the penal sum: Snook v. Tisdell, 24 Pa. Dist. R. 1064; Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116.

The words in the warrant of attorney, "for the above sums" mean "money expended for the completion of buildings and for payments of liens, etc.," and do not mean the penal sum named in bond: Automobile Banking Corp. v. Duffey-Mullen Motor Co., 85 Pa. Superior Ct. 296; Kolf v. Lieberman, 282 Pa. 479; Jordan v. Kirschner, 94 Pa. Superior Ct. 252; Orner v. Hurwitch, 97 Pa. Superior Ct. 263; Raisch v. Fenderson, 20 Del. Co. R. 194.

OPINION BY MR. JUSTICE MAXEY, February 2, 1931:

These are appeals from the decrees of the Court of Common Pleas of Delaware County striking off six judgments indexed as Nos. 1570, 1571, 1572, 1573, 1574, 1575, September Term, 1929, Court of Common Pleas of Delaware County. The judgments were entered on bonds each containing a warrant of attorney to confess judgment. The appellants are the obligees in these bonds. All the bonds are in the same form but are for different penal sums. These bonds purported to indemnify the plaintiffs for loss or damage arising from the happening of certain contingencies, to wit: (1) Failure to erect and fully complete certain buildings mentioned in the

bonds free of mechanics' claims. (2) Failure to pay off, discharge and have satisfied of record all liens or claims for work and labor. (3) Failure to repay obligee money expended by it (a) in payment of all liens filed, (b) in payment of sums of money paid to complete buildings, (c) in payment of counsel fees and miscellaneous expenses. The bonds provided further that "in the event of a proceeding upon, or entry of judgment on this bond for the recovery of any moneys expended for the completion of said buildings, or payment of liens thereon, or for any costs, loss or expense incurred by said obligee as above provided, an account of such expenditures verified by the affidavits of an officer of said Lansdowne Trust Company and Drexel Hill Title .& Trust Company, shall be prima facie evidence of the amount so expended and of the necessity for such expenditure, and the burden of proving the contrary thereof shall be upon the obligor." In the petition to strike off the judgment it is alleged, inter alia, that "contrary to and in violation of the terms of said confession of judgment, plaintiffs have caused the prothonotary to enter judgment thereon without filing or lodging with the prothonotary an account of said expenditures verified by affidavit and notwithstanding the fact that the prothonotary could not from the face of the bond itself ascertain what amount judgment should be entered for, for the reason that the said bond was not an obligation for the unconditional payment of a definite sum at any definite time."

The statutory authority invoked for the entry of judgment in these cases must be found, if anywhere, in the Act of February 24, 1806, section 28, 4 Sm. L. 278. This act makes it the duty of the prothonotary "on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney-at-law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the

amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed." In Meyers and Joly v. Freiling, 81 Pa. Superior Ct. 116, at 118, the Superior Court said of this statute that it "was evidently adopted to enable a creditor to obtain a judgment on an obligation for the payment of money without the expense of the intervention of an attorney. Obviously such judgment could only be entered for an amount appearing to be due by the terms of the obligation, and this is what the statute expressly declares. The judgment is to be entered for an amount which appears to be due on the face of the instrument. Where this amount cannot be ascertained without a resort to evidence outside of the writing, the statute does not support the judgment. Where there is not a fixed and definite amount admitted to be due on the face of the instrument, the prothonotary has no authority to accept evidence on the subject and in the capacity of an arbitrator or referee ascertain facts not appearing in the instrument to which the warrant of attorney is attached. Justification for bringing a defendant into court and fixing his liability in the conclusive form of a judgment on a warrant of attorney must be found in the terms of the instrument containing the authority, and, in the case of a prothonotary acting under the statute, is not to be extended beyond the definite power which the law confers. An inspection of the instrument supporting the judgment in this instance shows that it is not an obligation for the unconditional payment of a definite sum at any definite time." This last sentence applies aptly to the case before us for decision. The phrase "for the above sums," in the warrant acted upon in the case before us, negatives the idea of definiteness. This phrase as used in the warrant obviously refers to the moneys expended for the completion of the buildings or payment of liens thereon, or for any costs, loss, or expense "incurred by said obligee as above provided," all of such quoted phrases appearing

in exactly the same paragraph and immediately before the warrant of attorney to confess judgment. In view of the fact that the amount due the obligee on account of the happening of any of the contingencies referred to does not appear "from the face of the instrument," the power conferred by the Act of 1806 was exceeded in this case and the judgment should therefore be stricken off.

The appellants bring to our attention the case of Pacific Lumber Co. v. Rodd, 287 Pa. 454. That case is distinguishable from the case at bar because in that case, as this court said in an opinion by Mr. Justice SADLER, "the recorded note provides for the payment of a fixed sum one day after date, and the authority to confess the judgment is immediate." In the present case there is no provision for the payment of a fixed sum and the confession of judgment is "for the above sums." Appellants also cite the case of Spiese v. Shee, 250 Pa. 399. In that case there was an unconditional confession of the definite sum of $20,000, and the warrant of attorney authorized the entry of judgment for that specific sum.

It is not necessary to discuss any other questions in this case.

An order striking off the judgment is the appropriate remedy when the entry of judgment was unauthorized: Banning v. Taylor, 24 Pa. 289. In the case before us the entry of judgment was unauthorized and the order made was proper.

The assignments of error are overruled and the decree of the court below is affirmed.