## Carlisle Trust Company v. Group

*J. Boyd Landis*, for plaintiff.

*Bowman & Bowman* and *Joseph P. McKeehan*, for respondents.

REESE, P. J., March 11, 1935.—On February 14, 1931, John E. Group and W. S. Egulf executed and delivered their promissory note for $100, payable in monthly instalments of $10 each, to the Valley Loan Company, which subsequently indorsed the note to the Carlisle Trust Company, the present holder. The note contained a warrant of attorney to confess judgment.

In December, 1934, the Carlisle Trust Company requested the prothonotary to enter judgment on the note in the sum of $64.50, with interest from June 15, 1932. When presented to the prothonotary, the note was marked paid by the perforation of the letters "P-A-I-D" over the signatures of the makers and by the following indorsement "Paid in full Jan. 28, 1932. Valley Loan Co., Paul D. Smith, Sec. & Treas." This indorsement had been crossed out by pencil marks. The face of the note bore the following notation: "This note cancelled in error. The Valley Loan Co., by Paul D. Smith, Sec. & Treas.; Carlisle Trust Company, by L. B. Lefever."

The prothonotary refused to enter judgment on the note, whereupon upon petition of the holder, Carlisle Trust Company, the court granted a rule upon the makers and the prothonotary to show cause why judgment should not be entered on the note. The petition averred the foregoing facts and also that the note had been inadvertently marked paid. The prothonotary filed an answer averring that when the note was offered for entry it was not accompanied by a præcipe or any direction to him or any affidavit by the holder, and further that it did not appear from the note that any amount was due thereon.

W. S. Egulf, one of the makers, after service of the rule upon him, obtained a rule under the Act of March 5, 1925, P. L. 23, to determine preliminarily the question of jurisdiction over him, alleging, in substance, that the rule issued against him had been improperly issued as an original process. To this the Carlisle Trust Com-

pany filed an answer and the matter is now before the court.

We believe that it is true that when a prothonotary perversely refuses in a proper case to enter judgment on a note, bond, etc., under section 28 of the Act of February 24, 1806, 4 Sm. L. 270, it would be proper practice to grant a rule upon the prothonotary to show cause why he should not enter the judgment: Peerless Soda Fountain Co. v. Schneyer, 13 D. & C. 56. But it by no means follows that the obligors in the note or bond could properly be made parties to such a proceeding, and there is considerable merit in the contention of W. S. Egulf that jurisdiction cannot be acquired over him by a rule to show cause in a proceeding to acquire a summary judgment. A rule to show cause is generally auxiliary and for the facilitating of jurisdiction already acquired, and is not properly used as original process unless authorized by statute to be so used: Short v. Board of the School District of Upper Moreland Twp., 108 Pa. Superior Ct. 503, 505.

However, inasmuch as we have concluded that the rule granted upon the prothonotary and the makers of the note must be discharged, it becomes unnecessary to pass finally upon the preliminary question of jurisdiction over the makers. It is true that the rule first granted has not been placed on the argument list, but the entire record of the matter is sufficiently before the court and further delay seems unnecessary.

The Act of 1806, supra, provides "it shall be the duty of the prothonotary of any court of record, within this commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, to enter judgment against the person or persons, who exe-

cuted the same for the amount, which, from the face of the instrument, may appear to be due".

It is well settled that under this statute judgment may only be entered "for the amount, which, from the face of the instrument, may appear to be due", and when the amount for which judgment is to be entered cannot be ascertained without resort to evidence outside the writing, the prothonotary has no statutory authority to enter the judgment. The prothonotary has no authority to accept such evidence outside the writing, and in the capacity of an arbitrator or referee, ascertain facts not appearing in the instrument upon which it is sought to enter judgment: Lansdowne Bank & Trust Co. et al. v. Robinson et al., 303 Pa. 58; Orner v. Hurwitch et al., 97 Pa. Superior Ct. 263; Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116. The Act of 1806, supra, being in derogation of the common law right to be legally summoned or to voluntarily appear in some form, must be strictly construed: Schwartz v. Sher, 299 Pa. 423, 429; Oberlin, to use, v. Parry, 287 Pa. 224; Automobile Banking Corp. v. Duffy-Mullen Motor Co., 85 Pa. Superior Ct. 296, 299. The instrument on which the prothonotary acts, in entering a judgment under the Act of 1806, must contain sufficient definite information to bring it within the provision of the statute, and if such information does not exist, expressly or by clearest implication, no judgment can be entered. By "clearest implication" is meant an implication so clear that only one meaning can be taken from it: Schwartz v. Sher, supra; Oberlin, to use, v. Parry, supra.

Applying these principles to the note in the instant case, we find that when it was presented to the prothonotary it was marked paid by perforation and also by indorsement. The latter was ruled out in pencil and the note also bore the notation that it had been canceled in error. Was the prothonotary to determine which was true? He could not do so by looking at the instrument,

and, as pointed out, he has no authority to resort to evidence outside the note. Certainly the prothonotary could not enter judgment on a note marked paid. Nor do we think that the holder's unsworn, self-serving indorsement that the note had been canceled in error changes the situation. As pointed out in Schwartz v. Sher, supra, at page 429, it is possible to make at least two inferences from the information furnished by the indorsements and therefore information authorizing the entry of judgment does not appear on the note itself by clearest implication. The prothonotary could not ascertain from the note itself the amount which appeared to be due, for the inference could be drawn from the note that nothing was due. Hence the prothonotary was justified in refusing to enter the judgment.

It is true that the possession of a note affords proof, prima facie, of a right in the holder to recover on it according to its terms. The holder is not required to prove that it has not been paid. His case is made out by the production of the instrument in the first instance, and the burden of showing payment is on him who alleges it. The instrument makes for the holder, if default and the amount due appear thereon and it contains a confession of judgment, a prima facie right to have judgment entered under the Act of 1806: Oberlin, to use, v. Parry, supra; Drey Street Motor Co., for use, v. Nevling, 106 Pa. Superior Ct. 42; Dalton v. Willingmyre, 60 Pa. Superior Ct. 225. But it is equally true that where an instrument appears to have been canceled, the burden of proof lies on the party who alleges that the cancellation was made unintentionally or under a mistake: section 123 of the Negotiable Instruments Law of May 16, 1901, P. L. 194.

In International Harvester Co. v. Tuscarora Township (No. 1), 43 Pa. Superior Ct. 410, judgment was entered by the prothonotary on a note upon which was an indorsement showing payment. The court held that as no

statement or affidavit was filed with the note contradicting or explaining the indorsement showing payment, the judgment was properly stricken off. But even if there had been a statement or affidavit filed, contradicting or explaining the indorsement showing payment, we still believe the judgment should be stricken off. " 'No one could tell by an inspection . . . of the instrument . . . what the rights of the plaintiffs and defendant were . . . on the day when the judgment was entered; . . . they could only be ascertained by an inquiry [aliunde the instrument itself]. This difficulty was recognized and an attempt was made to supply the lack of facts contained in the instrument by the filing of an affidavit made by one of the plaintiffs. . . . It was from this affidavit and not "from the face of the instrument" the prothonotary ascertained the amount for which he entered judgment' " which was stricken off: Schwartz v. Sher, supra, p. 430, quoting Meyers & Joly v. Freiling, supra, p. 119. From this it would appear that entry of judgment on a note marked paid would not be justified under the Act of 1806, and if a sworn affidavit contradicting or explaining the indorsement showing payment would not change the result, it follows that the result would not be changed by an unsworn, self-serving notation explaining the indorsement showing payment.

It is averred in the petition herein that the holder of the note desired to enter judgment for $64.50 with interest, although the note was for the sum of $100. There is implied authority, in the Act of 1806, to enter judgment for a less amount than the original indebtedness where it is reduced by credits appearing on the instrument: Morel v. Morel, 81 Pa. Superior Ct. 84. In the instant case, as appears from the copy thereof attached to the petition, the note did not show any credits, and therefore on the face of the note did not appear the amount for which the holder desired judgment to be entered.

The present situation may well be summed up in the language used in Automobile Banking Corp. v. Duffy-Mullen Motor Co., 85 Pa. Superior Ct. 296, 299; "if parties fail to make an instrument sufficiently definite to come within the provisions prescribed [in the Act of 1806] . . . for the entry of such a judgment by the prothonotary, they have only themselves to blame that they are remitted to the ordinary remedy by action at law." We feel that the remedy of the holder of the note in the present case is by action of assumpsit. In this there is no hardship, for if the prothonotary had entered the judgment, we are confident that, upon proper application, we would have stricken the judgment off or at least opened it. In either event, the holder would have been put to his proof.

And now, March 11, 1935, the rule to show cause why judgment should not be entered is discharged at the cost of the petitioner. 
From Francis B. Sellers, Carlisle.