Sterling Electrical & Furniture Company, Appellant, *v.* Mitchell.

Argued October 3, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Samuel Melnick,* for appellant.

*Benjamin H. Levinton,* for appellees.

OPINION BY HIRT, J., November 16, 1955:

In this case a judgment entered by confession was stricken from the record on defendants' petition by the court below. The order will be affirmed.

On May 27, 1953, the plaintiff, in writing, offered to install a new store front, a bathroom and a kitchen on defendants' premises in Philadelphia "For a total

sum of $3,000 plus Financing." Plaintiff construed defendants' signatures on the writing as an acceptance of the proposal resulting in a contract. We will refer to it as such. The 7th paragraph provides: "The owner agrees that if he should refuse to permit the contractor to proceed with the installation of the materials set forth herein, within a reasonable time after the acceptance of this proposal . . . or if the owner, without the written consent of the contractor, attempts in any manner to cancel, rescind or repudiate this agreement, the owner hereby agrees . . . to pay contractor a sum equivalent to thirty-three and one-third percent (33 1/3%) of the entire contract price, in addition to the cost incurred by contractor for labor, commissions or other expenses which may have been incurred by contractor in and about the execution of the preparation to fulfill and perform this agreement, as contractor's liquidated damages; and the owner hereby authorizes the Prothonotary, or any attorney of any court of record to appear for the owner and confess judgment in favor of the contractor or his assignee, and against the owner, for the liquidated damage mentioned herein and to thereafter assess damages in such sum as contractor will determine by affidavit filed to be due and payable to him hereunder together with attorney's fee of ten per cent (10%) for collection." On February 4, 1954, plaintiff filed an "Affidavit of Default" with the prothonotary alleging that "defendants refused to permit plaintiff to proceed with the installation of the materials" and "without the written or any other consent of plaintiffs, cancelled, rescinded and repudiated said contract." Along with the affidavit plaintiff's attorney filed a copy of the contract with the prothonotary with the request that judgment be entered thereon for one-third "of $3,000, as liquidated damages, together with 10 per centum thereof as an attorney's fee for

collection." As requested the prothonotary entered judgment in the total sum of $1,300.

The attorney did not enter his appearance for the defendants and confess judgment on the authority of the above provision of the contract. The judgment in a total sum of $1,300 was entered by the prothonotary at plaintiff's request for the reasons set forth in the complaint although that amount does not appear to be due by the terms of the instrument itself. The authority of a prothonotary to enter judgment on an instrument by confession is conferred by the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28, 12 PS §739. The Act however does not give the prothonotary "the general authority of an attorney-at-law, who may appear and confess judgment and arrange the details of the judgment." The Act is in derogation of the common law and it must be strictly construed. The Act confers limited authority on the prothonotary to enter a judgment in an amount *which upon the face of the instrument may appear to be due. Schwartz v. Sher,* 299 Pa. 423, 149 A. 731; *Solazo v. Boyle et al.,* 365 Pa. 586, 76 A. 2d 179.

Defendants in any view would be entitled to have the judgment opened. They however cannot be relegated to that remedy. There is no valid judgment here. The law is well settled. Judgment on the authority of the Act can be entered only "for the amount which from the face of the instrument may appear to be due." When the instrument, as here, does not disclose an obligation for the unconditional payment of a definite sum at a definite time, but only for payment contingently upon the happening of a stated event which may or may not occur, the prothonotary is without power to enter judgment under the Act. In principle the present appeal is ruled by *Meyers & Joly v. Freiling,* 81 Pa. Superior Ct. 116. Here as in that case "no one

could tell by an inspection of the instrument on the day when the judgment was entered what the rights of the plaintiffs and defendant were with respect to the contract. They could only be ascertained by an inquiry as to whether conditions existed out of which a liability to pay would arise . . ." The prothonotary had no authority to conduct such inquiry nor to accept the averments of the plaintiff's "Affidavit of Default" in lieu thereof. Judgment can be entered only "from the face of the instrument." Where the happening of the contingent event cannot be ascertained from the face of the instrument, the prothonotary cannot enter judgment. *Orner v. Hurwitch,* 97 Pa. Superior Ct. 263. All of the authorities are to the above effect, among them, *Schwartz v. Sher,* supra; *Solazo v. Boyle et al.,* supra; *Better Bilt Door Co. v. Oates,* 165 Pa. Superior Ct. 465, 69 A. 2d 425; *R. Krevolin & Co., Inc. v. Tharp,* 178 Pa. Superior Ct. 236, 115 A. 2d 856.

Order affirmed.