## Russo v. Santini

*Foglietta, Ocks & Fisher*, for plaintiff.

*H. M. Schell*, for defendants.

CHUDOFF, J., May 4, 1960.—This case raises the question of whether a judgment may be confessed by an attorney on a copy of a note, the original, containing a power of attorney to confess judgment, having been lost, stolen or misplaced.

Although defendants' petition to strike the judgment, to which plaintiff has filed an answer, alleges facts denying the execution of the instrument, it has been stipulated by and between counsel for plaintiff

and defendants that the sole question before this court be limited to the authority of the prothonotary to enter judgment on the copy of the note which was filed in this matter.

It is, therefore, admitted that the note in question was duly executed on May 30, 1956, by Raymond Santini and Helen C. Santini, in which they agreed "to pay to the order of Angelo Russo, one day after date, the sum of Six Thousand Five Hundred Dollars ($6,500) without defalcation, value received, with interest." Defendants further "authorized and empowered . . . any attorney of any court of record to appear for them and confess judgment against them for the above sums with an attorney's commission for collection, and release of all errors. . . ."

On March 2, 1960, plaintiff entered judgment against defendants. The judgment was confessed by an attorney under authority of the warrant contained in the note and damages were assessed in the sum of $8,287.50. This was accompanied by an affidavit by plaintiff that the attached judgment note was a true and correct copy of a judgment note in the amount of $6,500 executed by both defendants on May 30, 1956; that the original note was lost, stolen or misplaced and that no judgment had been entered on the note in any jurisdiction.

On March 30, 1960, defendants filed a petition and obtained a rule to strike off the judgment, to which, as indicated, an answer was filed and is now before us for disposition.

It is settled law in this Commonwealth that a judgment may be confessed by an attorney on a copy of a note, the original, containing a power to confess judgment, having been lost, stolen or secreted: Mahoney v. Collman, 293 Pa. 478, 480-82; Wilson v. Richard, 298 Pa. 17, 19; Altoona Trust Co. v. Fockler, 311 Pa. 426, 431-32; Ankeny, admr. v. Lohr, 99 Pa. Superior Ct.

203, 205; Longacre et al. v. Breisch, 22 D. & C. 271; Harr v. Kelly, 43 Lack Jur. 221.

Mr. Justice Kephart, in Mahoney v. Collman, supra, stated at p. 481-482:

"Because this is a nonnegotiable instrument, the debtor, who is compelled to pay at the suit of the payee or legal holder, in any action by a holder claiming title from the finder, will be able to set up the defense of payment to the owner as well as any other defense attacking the note. Under such circumstances, there can be no question but that a suit at law on a lost nonnegotiable instrument is maintainable: 38 C. J. 264. As stated in Snyder v. Wolfley, supra, 'there never was a time when recovery might not be had in a court of common law, on an unsealed security which was proved to be destroyed.' Where a negotiable instrument is lost and suit is had thereon, it is now very generally recognized that courts of law will entertain actions to enforce liability, although formerly relief could be had only in equity; indemnity is required to safeguard against possible loss: Bisbing v. Graham, 14 Pa. 14; Bigler v. Keller, 8 W.N.C. 323.

"If, then, one may sue at law on a lost instrument, there is no reason why he should not avail himself of every part of that instrument, and, *if a warrant of attorney to confess judgment is part of the note, judgment may be confessed and entered on the lost warrant.* Such practice does not deprive the debtor of any defense; he may, on petition and for cause shown, have the judgment opened, and in this way every defense that would have been open to defendant in a suit at law becomes presently available. He may challenge every essential element that goes to make up the original note. In point of fact, the case resolves itself into one of practice in the commencement of an action, the result in both proceedings being the same. As a matter of practice, the confession should be accompanied by

an affidavit showing that the original was lost, destroyed or stolen, and that the attached copy is a true copy, and this affidavit should be by one knowing the circumstances." (Emphasis ours)

It is defendants' contention that the judgment entered March 2, 1960, was invalid because, while the Act of February 24, 1806, 4 Sm. L. 270, sec. 28, makes it the duty of the prothonotary to enter judgment against the obligor, without the agency of an attorney or declaration filed, on an instrument in which judgment is confessed or containing a warrant for an attorney at law or other person to confess judgment, such judgment may be entered only on the application of the original holder or his assignee of such instrument and only for the amount which, from the face of the instrument, may appear to be due.

It is true that if the amount due is not stated in the instrument and cannot be ascertained by calculation from information which it, itself, furnishes, the prothonotary is not vested by the act with either the duty or power to enter judgment: Schwartz v. Sher, 299 Pa. 423, 149 Atl. 731; Lansdowne Bank & Trust Co. v. Robinson, 303 Pa. 58, 154 Atl. 17.

It is true also that the statute does not authorize the prothonotary to act except on the application of the original holder of the instrument or his assignee: Ingersoll v. Dyott, 1 Miles 245; Noonan, Inc. v. Hoff, 350 Pa. 295.

If, therefore, the judgment here in question were to be regarded as having been entered by the prothonotary by virtue of his statutory duty, defendants' contention would be entirely unjustified, for obviously the amount due does appear and could be ascertained from the face of the note and the request for the entry of the judgment was made by an attorney purporting to represent plaintiff, not defendants.

Defendants place great emphasis on the fact that plaintiff's attorney, while entering his appearance on behalf of plaintiff, did not enter an appearance for defendants. They argue that the failure to perform this act renders the judgment invalid. The court disagrees.

There are two methods by which a warrant of attorney to confess judgment may be utilized in order to accomplish its purpose. One is that of defendant himself or an authorized attorney on his behalf, to confess the judgment. This practice was in use from the earliest times and long before the passage of the Act of 1806; Cooper v. Shaver, 101 Pa. 547, 549, see also Cook v. Gilbert, 8 S. & R. 567; McCalmont, administrator, v. Peters, 13 S. & R. 196. In all these and similar cases an obligor may have judgment confessed against himself in any way or according to any terms or conditions he authorizes, and, that being so, may authorize any attorney to do so for him in an amicable proceeding and without any recourse whatever to the Act of 1806. See Kros v. Bacall Textile Corp., 386 Pa. 360 (1956).

The second method is through the medium of the Act of 1806. In avoiding the necessity of having an attorney appear for the obligor in cases where the amount due appears on the face of the instrument, the purpose of that act was to exempt the obligor from the payment of an attorney's fees: Helvete v. Rapp, 7 S. & R. 306; Noonan, Inc., v. Hoff, 350 Pa. 295 (1944).

In the case at bar, it is obvious the judgment was properly confessed in accordance with the Act of 1806, even though an attorney's fee of five percent was included in the assessment of damages. When one agrees to pay such attorney's fee, as defendants did, when they executed the note, the amount which must, of course, be ascertainable from the face of the instru-

ment if judgment be entered by the prothonotary (Connay v. Halstead, 73 Pa. 354, 357; Morel v. Morel, 81 Pa. Superior Ct. 84) becomes a part of the judgment. ". . . Attorney's commissions stipulated for in a warrant of attorney accompanying a bond, . . . are not costs, they are part of the judgment and belong to the plaintiff": Haper v. Consolidated Rubber Co., 284 Pa. 444, 448.

The purpose of the provision of the Act of 1806 that, in the circumstances specified, a defendant shall not be compelled to pay any costs or fee to the plaintiff's attorney, was to relieve defendant from paying the so-called docket fee otherwise payable to plaintiff's attorney as an officer of the court, pursuant to the fee bill. See section 2, Act of February 22, 1821, 7 Sm. L. 367 (cf. Pittsburgh v. O'Brien, 239 Pa. 60) and section *g* of the Act of April 2, 1868, P. L. 11. In Helvete v. Rapp, supra, it was held: "The evident and sole intention of the legislature, in conferring the power of entering a judgment on the judgment-bond, without the intervention of an attorney, was, to exempt the obligor from the payment of costs to the attorney."

For the foregoing reasons, the rule to strike off the judgment was discharged.