## Provident Tradesmens Bank and Trust Company v. Collins

*Roderick D. Mathewson,* for plaintiff.
*Edward S. Lawhorne,* for defendants.

DIGGINS, J., March 25, 1966.—The matter to be resolved herein concerns defendants' outstanding petition and rule to show cause why the judgment relative to the above captioned matter should not be stricken. The record shows that on May 19, 1960, defendants executed an agreement with the Provident Tradesmens Bank and Trust Company (hereinafter called Provident), denominated as a Key Check Credit Agreement. In essence, this agreement established a line of credit in connection with defendants' checking account, against which defendants could draw checks up to a "maximum credit" of $1,200, and further provided that payment of checks thereunder would constitute a loan of the amount so paid. Under the said agreement, defendants were to repay, inter alia, in monthly installments, one twenty-fourth of the maximum credit, or such lesser amount as was required to reduce the amounts due to zero. The agreement also contained, inter alia, the following provisions relating to the confession of judgment:

"I authorize and empower any prothonotary or clerk or any attorney of any court of record to appear for and to confess or enter judgment against me at any time or times, with or without declaration filed, for all sums due or to become due hereunder together with 18% thereof added for attorney's collection fees and with costs of suit, release of all errors, waiver of appeals, without stay of execution, and I waive inquisition and extension upon any levy on any real estate, hereby voluntarily condemn the same and authorize the entry upon the fi. fa. of such voluntary condemnation, and agree that such real estate may be sold on a fi. fa. hereby waiving and releasing all relief from any and all appraisement, stay or exemption laws now in force or hereafter enacted.

"If you accept this application your commitment to make loans will run to me exclusively and I shall not

assign any rights hereunder to anyone. If this application is signed by myself and a co-borrower, each of us may draw checks on my KEY CHECK CREDIT, and as used herein the words 'I', 'my' and 'me' shall be taken to mean 'we', 'our' and 'us' and this agreement shall be our joint and several obligation".

On October 13, 1964, Provident filed the aforesaid Key Check Credit Agreement with the prothonotary, together with an affidavit signed by its assistant treasurer which stated, inter alia, that the sum of $1,200 was due and payable plus interest charges and an attorney's commission of 18 percent. The prothonotary, on the aforesaid date, entered judgment in favor of Provident and against defendants. On July 1, 1965, the said judgment was marked to the use of Adal Corporation (hereinafter called Adal).

Prior thereto, on June 17, 1965, present counsel for Adal entered his appearance for Provident and assessed damages aggregating $1,208.53, which includes principal, interest and attorney's fees. Execution process followed, and defendants thereafter filed their petition and rule, to which Adal filed its answer, with argument subsequently being received by the court.

It is significant to note, relative to the entry of judgment against defendants, that no attorney appeared for defendants to exercise the warrant of attorney against them; nor was an affidavit relating to the amount due filed by or on behalf of defendants.

The issue of whether the judgment should or should not be stricken depends solely on whether the prothonotary had the power and authority, under the circumstances herein present, to enter the aforesaid judgment against defendants. Although the issue is simply presented, its resolution, in light of a myriad of cases, is somewhat difficult. However, we are convinced that the weight of authority supports defendants and thus that the judgment must be stricken.

The law is well established that the prothonotary must find his authority to enter judgment by confession in the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, sec. 28, as amended June 10, 1957, P. L. 281, sec. 1, 12 PS §739, which provides in pertinent part as follows:

"It shall be the duty of the prothonotary of any court of record, within this Commonwealth, on the application of any person being the original holder (or assignee of such holder) of a note, bond, or other instrument of writing, in which judgment is confessed, or containing a warrant for an attorney at law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed, with such stay of execution as may be therein mentioned, for the fee of one dollar, to be paid by the defendants; particularly entering on his docket the date and tenor of the instrument of writing, on which the judgment may be founded, which shall have the same force and effect, as if a declaration had been filed, and judgment confessed by an attorney, or judgment obtained in open court, and in term time; and the defendant shall not be compelled to pay any costs, or fee to the plaintiff's attorney, when judgment is entered on any instrument of writing as aforesaid".

Dehors the record, we find that at least some banks using the form here involved also take a regular form promissory note with a fixed amount due shown on the face thereof. We do not think that the averment of default filed herein cures the defect, because the right to file such averment rests on the original instrument, and if it is defective, it is incurable.

The statutory mandate thus limits the prothonotary's power to confess judgments to those writings ". . . for the amount, which, from the face of the instrument, may appear to be due. . . ." In the instant

case, it is obvious that the prothonotary cannot, from the face of the instrument, determine the amount due. The agreement permits defendants to draw checks upon the "maximum credit" up to the amount thereof; the actual "loan", under these circumstances, could vary from one cent to $1,200, depending on the amount or amounts used by defendants. Moreover, the actual sum due, at any give time, cannot be determined from the face of the instrument; nor can same be computed from the face of the instrument, or be ascertained therefrom; nor could the prothonotary, as hereinafter appears, supply the aforesaid deficiencies in the instrument from the affidavit filed on behalf of Provident.

Generally, the law is well established that, under the Act of 1806, as amended, supra, if the amount due is not stated in the instrument, and cannot be ascertained by calculation from information which it itself furnishes, the prothonotary is not vested by the act with either the duty or the power to enter judgment: see, inter alia, R. Krevolin & Co., Inc. v. Tharp, 178 Pa. Superior Ct. 236; Noonan, Inc. v. Hoff, 350 Pa. 295; Schwartz v. Sher, 299 Pa. 423; and various cases cited in the said authorities.

Sterling Electric & Furniture Co. v. Mitchell, 179 Pa. Superior Ct. 517, is analogous to the instant case. There, the Superior Court affirmed the striking of plaintiff's judgment, where a construction contract provided that if defendants, in essence, breached the contract, they would pay to plaintiff one third of the contract price plus expenses as liquidated damages, and that the prothonotary was authorized to appear and confess judgment against defendants for the liquidated damages plus 10 percent for attorney's fees upon plaintiff's affidavit. In holding that the prothonotary was without power under the subject act to enter judgment, the court said, at pages 520-521:

"The attorney did not enter his appearance for the

defendants and confess judgment on the authority of the above provision of the contract. The judgment in a total sum of $1,300 was entered by the prothonotary at plaintiff's request for the reasons set forth in the complaint although that amount does not appear to be due by the terms of the instrument itself. The authority of a prothonotary to enter judgment on an instrument by confession is conferred by the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28, 12 PS §739. The Act however does not give the prothonotary 'the general authority of an attorney-at-law, who may appear and confess judgment and arrange the details of the judgment.' The Act is in derogation of the common law and it must be strictly construed. The Act confers limited authority on the prothonotary to enter a judgment in an amount *which upon the face of the instrument may appear to be due. Schwartz v. Sher, 299 Pa. 423, 149 A. 731; Solazo v. Boyle et al., 365 Pa. 586, 76 A. 2d 179.*

"Defendants in any view would be entitled to have the judgment opened. They however cannot be relegated to that remedy. There is no valid judgment here. The law is well settled. Judgment on the authority of the Act can be entered only 'for the amount which from the face of the instrument may appear to be due.' When the instrument, as here, does not disclose an obligation for the unconditional payment of a definite sum at a definite time, but only for payment contingently upon the happening of a stated event which may or may not occur, the prothonotary is without power to enter judgment under the Act. In principle the present appeal is ruled by *Meyers & Joly v. Freiling*, 81 Pa. Superior Ct. 116. Here as in that case 'no one could tell by an inspection of the instrument on the day when the judgment was entered what the rights of the plaintiffs and defendant were with respect to the contract. They could only be ascertained by an

inquiry as to whether conditions existed out of which a liability to pay would arise. . .' The prothonotary had no authority to conduct such inquiry nor to accept the averments of the plaintiff's "Affidavit of Default" in lieu thereof. Judgment can be entered only 'from the face of the instrument.' Where the happening of the contingent event cannot be ascertained from the face of the instrument, the prothonotary cannot enter judgment. *Orner v. Hurwitch*, 97 Pa. Superior Ct. 263. All of the authorities are to the above effect, among them, *Schwartz v. Sher*, supra; *Solazo v. Boyle et al.*, supra; *Better Bilt Door Co. v. Oates*, 165 Pa. Superior Ct. 465, 69 A. 2d 425; *R. Krevolin & Co., Inc. v. Tharp*, 178 Pa. Superior Ct. 236, 115 A. 2d 856".

In Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116, cited in the Sterling case, supra, the court appositely said, at page 119, in striking the judgment:

"Evidently therefore no one could tell by an inspection of the instrument on the day when the judgment was entered what the rights of the plaintiffs and defendant were with respect to the contract. They could only be ascertained by an inquiry as to whether the conditions existed out of which a liability to pay would arise, and especially it could not be ascertained from inspection whether an agreement to sell had been made. This difficulty was recognized and an attempt was made to supply the lack of facts contained in the instrument by the filing of an affidavit made by one of the plaintiffs. . . ."

In Philadelphia Gas Heating Co. v. Sanders, 181 Pa. Superior Ct. 510, the court held, at page 514:

"When the *amount* of damages for failure to comply with the terms of the contract is not ascertainable from the contract itself the prothonotary lacks power to determine the amount of the damages, just as he lacks power to determine the amount of counsel fees where it was not specified in the warrant. *Better Bilt Door*

*Co. v. Oates*, 165 Pa. Superior Ct. 465, 469, 69 A. 2d 425 (1949)".

Although the factual circumstances present in Better Bilt Door Co. v. Oates, 165 Pa. Superior Ct. 465, are not analogous to the instant case, nevertheless the court therein pertinently said, at pages 467-468:

"Plaintiff's attorneys, under the warrant of the note, might have appeared for the defendant also and confessed judgment against him in an amount in excess of the face of the note by adding interest from a date on which demand allegedly was made prior to the date of the judgment. This however was not done. The note was delivered to the prothonotary for the entry of judgment by him under the 1806 Act. The prothonotary therefore properly ignored plaintiff's averment of default and assessment of damages and, as appears in the supplemental record submitted to us, entered judgment for $523.65, the face of the note, and not for the larger amount claimed by plaintiff's attorneys. It is settled law under the 1806 Act that 'if the amount due is not stated in the instrument and cannot be ascertained by calculation from information which it itself furnishes, the prothonotary is not vested by the act with either the duty or the power to enter judgment': *Noonan, Inc. v. Hoff*, 350 Pa. 295, 38 A. 2d 53".

Noonan, Inc. v. Hoff, supra, is also relevant to the instant case. There, attorneys appearing for defendant executed a praecipe to the prothonotary to enter judgment in accordance with a warrant of attorney contained in a building contract accompanied by an affidavit by plaintiff's president setting forth the net damages incurred. Defendant, in the contract, empowered any attorney of any court of record to confess judgment against him for "any sums then due or to become due", terms similar to those present in the instant case. Although the judgment was not stricken

in that case because the attorneys there were acting for defendant, and thus the subject act was inapplicable, what the court said is pertinent hereto, at page 298:

"It is true that if the amount due is not stated in the instrument and cannot be ascertained by calculation from information which it itself furnishes, the prothonotary is not vested by the act with either the duty or the power to enter judgment: *Schwartz v. Sher*, 299 Pa. 423, 149 A. 731; *Lansdowne Bank & Trust Company v. Robinson*, 303 Pa. 58, 154 A. 17. It is also true that the statute does not authorize the prothonotary to act except on the application of the original holder of the instrument or his assignee: *Ingersoll v. Dyott*, 1 Miles 245. If, therefore, the judgment here in question were to be regarded as having been entered by the prothonotary by virtue of his statutory duty defendant's contention would be entirely justified, for obviously the amount due did not appear and could not be ascertained from the face of the contract and the request for the entry of the judgment was made by attorneys purporting to represent defendant, not plaintiff".

Reference is also made to the following authorities, inter alia, supporting defendants' position: Schwartz v. Sher, supra; Lansdowne Bank & Trust Co. v. Robinson, 303 Pa. 58; and Automobile Banking Corporation v. Duffy-Mullen Motor Company, 85 Pa. Superior Ct. 296.

Counsel for use-plaintiff, Adal, relies on five authorities which, in our opinion, are distinguishable from the instant case. In Pacific Lumber Co. v. Rodd, 287 Pa. 454, the circumstances were not factually analogous and the note provided for payment of a fixed sum one day after date. Harwood v. Bruhn, 313 Pa. 337, held that if the right to enter a judgment is not limited to some specific default, judgment may be entered for

the fixed sum specified in the bond and warrant. Roche v. Rankin, 406 Pa. 92, held that judgment was properly confessed where the surety agreement authorized same for the principal amount. In Philadelphia Gas Heating Co. v. Sanders, supra, the court affirmed the opening of a judgment where damages were not liquidated. Finally, we do not find Sterling Electric & Furniture Co. v. Irey, 189 Pa. Superior Ct. 450, to be factually analogous to the instant case.

We, therefore, enter the following

ORDER

And now, to wit, March 25, 1966, upon consideration of defendants' petition and rule to show cause why judgment should not be stricken, and upon consideration of the briefs filed by counsel for the respective parties, and after argument, it is ordered, adjudged and decreed that the rule heretofore granted on September 13, 1965, upon plaintiff and use-plaintiff, to show cause why the judgment entered in these proceedings should not be stricken be and the same is hereby made absolute.